# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

STACEY J. POLLARD, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-08-434-FHS
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
       Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Stacey J. Pollard (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant - taking into account his age, education, work experience, and RFC - can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on August 1, 1962 and was 45 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a nurse's aide and fast food shift leader. Claimant alleges an inability to work

3

beginning September 15, 2004 due to back and breathing problems, anxiety, and depression.

**Procedural History**

On January 31, 2006, Claimant protectively filed for disability benefits pursuant to Title II and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On February 4, 2008, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On April 4, 2008, the ALJ issued an unfavorable decision on Claimant's applications. On September 25, 2008, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and could perform a full range of sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to properly consider the opinion of Claimant's treating physician and

4

the assessment of the mental consultative examiner; (2) failing to ensure a significant number of jobs are present Claimant could perform; and (3) failing to engage in a proper credibility evaluation.

## Treating Physician's Opinion

Claimant asserts the ALJ failed to give proper weight and consideration to the opinion of Claimant's treating physician, Dr. Vanessa Werlla. Dr. Werlla appears to have treated Claimant from about May of 2007 through October of 2007 for psychiatric problems. (Tr. 353-74) On January 29, 2008, Dr. Werlla completed a Mental Residual Functional Capacity Assessment form on Claimant. (Tr. 375-78). Dr. Werlla found Claimant had marked limitations on all categories of understanding and memory and sustained concentration and persistence. (Tr. 375). She also determined Claimant had marked limitations in the social interaction categories of the ability to interact appropriately with the general public, ability to ask simple questions or request assistance, and ability to accept instructions and respond appropriately to criticism from supervisors as well as the adaption categories of the ability to respond appropriately to changes in the work setting, and ability to set realistic goals or make plans independently of others. Claimant was found to have moderate limitations in the remaining

5

categories. (Tr. 376).

Dr. Werlla also completed a Mental Status Form on January 29, 2008. She found Claimant had a high level of anxiety accompanied by panic attacks. Dr. Werlla states on the form that Claimant had episodes of depression that causes her to withdraw and isolate herself from social interaction and daily activities. Claimant was found to have the ability to think through situations but often times reports feeling anxious when faced with making decisions. She sometimes shows problems with the ability to reason and respond to problem situations. (Tr. 377).

Dr. Werlla also found Claimant to have long-term and short-term memory problems with difficulty carrying out simple instructions. Claimant reported staying at home most of the time with little interaction with family. Dr. Werlla diagnosed Claimant with Major Depressive Disorder, Recurrent, Moderate and Generalized Anxiety Disorder. (Tr. 378).

In his decision, the ALJ did not give Dr. Werlla's opinions controlling weight. He found her opinions "contrast sharply and is without substantial support from other evidence of record, which obviously renders it less persuasive." Curiously, the ALJ also found "[i]t is not clear that the doctor is familiar with the definition of 'disability' contained in the Social Security Act and

regulations." (Tr. 16). It is not incumbent upon Dr. Werlla to have such knowledge before rendering an opinion as a treating physician. Indeed, it may lend more credibility to her opinions that she is not familiar with the intricacies and formalities of the Social Security Act in order for her to tailor and taint her opinions. One thing is clear – such supposition is certainly not a basis for the rejection of a treating physician's opinion.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the

treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ regurgitated the factors to be considered but shows no specific consideration of each enumerated factor in the opinion. Dr. Werlla's opinion finds evidentiary support in the opinion of

Dr. Donna Nolan, a consultative mental examiner. Dr. Nolan completed a report on Claimant on May 12, 2006. She diagnosed Claimant at Axis I: Panic Disorder, with agoraphobia, Major Depression, recurrent, severe, without psychotic features, Amphetamine Dependence, in sustained, full remission; Axis II: Deferred; Axis III: Deferred; Axis IV: problems related to the social environment, problems with primary support group; Axis V: GAF of 38. (Tr. 265). Many of the same restrictions found by Dr. Werlla were also found by Dr. Nolan. Of course, the ALJ rejected Dr. Nolan's opinions as well in his decision, as being inconsistent with other evidence in the record. (Tr. 15-16). When evaluating the evidence, the ALJ cannot pick and choose the evidence upon which he relies simply because it supports his finding of non-disability. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). This appears to be precisely the tact the ALJ took in rejecting the two opinions which found disabling conditions. On remand, the ALJ shall consider these opinions and give specific references to the record for giving the treating physician's opinion reduced weight.

Moreover, the ALJ did not reference GAF of 38. Without doubt, a low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF

is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the individual's overall level of functioning. Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. *See*, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. However, a GAF of 50 or less does suggest an inability to keep a job. Id. citing Oslin v. Barnhart, 2003 WL 21666675, 3 (10th Cir. (Okla.)). Specifically, the DSM-IV-TR, explains that a GAF of between 31 and 40 indicates "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking or mood (e.g., depressed person avoids friends, neglects family, and is unable to work . . . ." Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000). Given the fact Claimant's GAF has fallen within this

10

category which directly conflict with the ALJ's findings, the ALJ will be required to explain his apparent but unexplained rejection of these assessments.

### Credibility Assessment

The ALJ also discounted Claimant's stated limitations since her treating physicians did not place functional restrictions upon her activities. This Court has already determined the ALJ improperly rejected the opinions of treating physicians. It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other

symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ failed to discuss these factors in rejecting Claimant's credibility. On remand, he shall reassess Claimant's credibility after re-evaluating the weight that should be afforded the opinions of Claimant's treating physician.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court

based on such findings.

DATED this 16th day of March, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE