# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STACEY POLLARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV-08-434-FHS-KEW ) |
| MICHAEL ASTRUE, Commissioner Social Security Administration | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 33) on January 28, 2012. Judgment was entered in favor of Plaintiff on March 31, 2010, remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner issued a fully favorable decision on February 25, 2011, finding Plaintiff disabled within the relevant time frames. On March 21, 2011, and November 20, 2011, the Commissioner issued decisions awarding benefits to Plaintiff in the total amount of $38,072.80.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id.

1

at 505.  The McGraw Court noted that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id.  On April 6, 2011, the Court entered an Opinion and Order (Dkt. No. 32) granting Plaintiff's counsel's Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)(6) and authorizing counsel to file his motion for fees under § 406(b)(1) within sixty days of his receipt of the Notice of Award containing the calculation of Plaintiff's past-due benefits.  In doing so, the Court noted that the "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel received the Notice of Award on November 29, 2011.  Counsel's motion filed on January 28, 2012 - sixty days from the November 29, 2011, receipt of the Notice of Award - is therefore timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $9,518.20 for counsel's representation of Plaintiff before the Court.  Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b).  Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $9,518.20.  The Commissioner has filed an informative response on the various points of law to be considered, but has declined to take a position on the reasonableness of counsel's fee request. Plaintiff has indicated in a document entitled "Notice To Plaintiff" (Exhibit "E" to Doc. No. 33) that she has no objection to the attorney fees requested by her counsel.  The Court has conducted an independent review of the record, including the contingency-fee contract between

counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $9,518.20 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002).

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 33) is granted in the amount of $9,518.20.[1]

It is so ordered this 15th day of February, 2012.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[1] Plaintiff's counsel has attached a United States Department of Treasury document (Exhibit "D") reflecting the diversion and application of Plaintiff's attorney fee award in the amount of $5,565.40 under the Equal Access to Justice Act ("EAJA") to offset Plaintiff's debt to the United States Department of Education. Given the application of the EAJA attorney fee award as an offset, there is no EAJA attorney fee to refund to the Plaintiff. See Garnett v. Astrue, 2009 WL 93063 (M.D. Fla. 2009)(EAJA fees not subject to refund when they are garnished to pay claimant's federal debt). Thus, the Court will not direct Plaintiff's counsel to refund the smaller EAJA amount to Plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

3